# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

August 18, 2016

Lyle W. Cayce
Clerk

No. 15-30897
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BRIAN MUSOMBA MAWEU, also known as Catfish, also known as John Doe,
agent of Brian Musomba Mameu,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:10-CR-319-11

Before JOLLY, SMITH, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Brian Musomba Maweu appeals the district court's imposition of an above-guidelines sentence of life imprisonment following his guilty plea to engaging in a child exploitation enterprise. *See* 18 U.S.C. § 2252A(g). Maweu contends that his sentence is both substantively unreasonable and constitutionally excessive. Because Maweu failed to object to his sentence in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the district court, our review of the district court's decision is for plain error only.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. Sandlin*, 589 F.3d 749, 758 (5th Cir. 2009).

In relation to the substantive reasonableness of his sentence, the record reflects that Maweu was a high-ranking member of, and major contributor to, the Dreamworks bulletin board, an online forum for sharing child pornography.  Maweu's contributions included posting more than 100 videos containing child exploitation—many self-produced—as well as paying the costs of hosting the Dreamboard website.  In addition, Maweu ran the "My African Girls" website and produced "The Goldberg Series," both of which contained dozens of videos depicting Maweu's own molestation of underage Kenyan girls. Noting his violent and repetitive sexually exploitive behavior, the district court described Maweu as the most culpable of the many Dreamboard defendants and "by far the worst" exploiter of children it had ever seen.  Following a detailed discussion of the relevant 18 U.S.C. § 3553(a) factors, the district court determined that the only "truly appropriate" sentence was life imprisonment.

Maweu's argument that the district court erred in basing its decision to vary upwards from the guidelines on facts that had already been considered in calculating the guidelines range is foreclosed.  *See United States v. Key*, 599 F.3d 469, 475 (5th Cir. 2010).  Furthermore, his barebones assertion about cultural differences between Kenya and the United States does not suffice to show that the district court clearly or obviously erred in not giving that consideration weight under § 3553(a), especially given the stringent penalties under United States law for child exploitation offenses.  *See Puckett*, 556 U.S. at 135.  Finally, Maweu fails to show that, given the facts of this case, the disparity between his sentence and the sentences of other child pornography defendants, including those affiliated with Dreamboard, is unwarranted.  *See*

§ 3553(a)(6).

Viewing the evidence as a whole, we defer to the district court's determination that the facts of this case are "sufficiently compelling to support the degree of the variance" from the guidelines range. *See Gall v. United States*, 552 U.S. 38, 50-51 (2007). Because the district court did not commit clear or obvious error in either its weighing or balancing of the § 3553(a) factors, Maweu fails to show that its decision to impose a life sentence was plainly erroneous. *See Puckett*, 556 U.S. at 135; *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006).

In order to prevail on a claim that his sentence is constitutionally excessive, Maweu must show that it is so grossly disproportionate to the gravity of his offense as to be "completely arbitrary and shocking to the sense of justice." *Rummel v. Estelle*, 587 F.2d 651, 655 (5th Cir. 1978) (internal quotation marks and citation omitted); *see Ewing v. California*, 538 U.S. 11, 23 (2003). Given the egregiousness of his criminal conduct, Maweu fails to make that rare showing. *See Ewing*, 538 U.S. at 30; c*f. Harmelin v. Michigan*, 501 U.S. 957, 961, 994-95 (1991); *Rummel v. Estelle*, 445 U.S. 263, 265-67, 284-85 (1980). Accordingly, he fails to show that the district court's imposition of a life sentence was clearly or obviously excessive under the Eighth Amendment. *See Puckett*, 556 U.S. at 135.

For the foregoing reasons, the judgment of the district court is AFFIRMED.